**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **JOHN BATEMAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | Civil Action No. ___2:25-cv-00163___ |
| | : | |
| **GENERAL MOTORS, LLC and** | : | |
| **AMERICREDIT FINANCIAL** | : | |
| **SERVICES, INC. d/b/a** | : | |
| **GM FINANCIAL,** | : | |
| | | |
| **Defendants.** | | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants General Motors, LLC and Americredit Financial Services, Inc., d/b/a GM Financial, through their undersigned counsel, hereby give notice of their removal of the above action from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia, Charleston Division. For the reasons stated below, removal of this action is proper because Plaintiff alleges violation of his rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA"). Therefore, this Court has federal question jurisdiction under 28 U.S.C. §1331. Further, this Court has diversity jurisdiction under 28 U.S.C. §1332 as there is complete diversity between the parties and the amount of controversy exceeds the requisite $75,000 amount. As grounds for removal, Defendant further states as follows:

**STATE COURT ACTION**

1.      The Plaintiff, John Bateman, commenced this action by filing a Complaint on or about February 7, 2025, against the Defendants, in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 25-C-175.

2.      Plaintiff's Complaint asserts a claim for age discrimination in Violation of the West Virginia Human Rights Act ("WVHRA") (Exhibit 1 at ¶ 8); a claim for age discrimination in violation of the ADEA (Exhibit 1 at ¶ 11); and a claim for violation of the WVHRA for unspecified "other discriminatory reasons" (Exhibit 1 at ¶ 10).

3.      Service of the Summons and Complaint on the Defendants was effectuated through the Office of the Secretary of State for the State of West Virginia on February 12, 2025, and was received by the Defendants through their appointed agent on February 18, 2025.

4.      A true and correct copy of the Summons and Complaint is attached hereto as Exhibit 1. No other pleadings or discovery have been served or filed in this action, nor has any court order been entered. A copy of the most recent docket sheet from the Kanawha County Circuit Clerk is attached hereto as Exhibit 2.

5.      This notice is timely filed pursuant to 28 U.S.C. §1446(b), in that it is filed within thirty (30) days from the date Defendants were served with the Complaint.

## GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2611. This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 in that it raises a federal question.

7.      The allegations set forth in Paragraph 11 of Plaintiff's Complaint demonstrate that this is a civil action seeking relief for alleged violations of the ADEA, 29 U.S.C. § 621, *et seq*. Specifically, the Complaint alleges "GM and GM Financial's conduct violates the ADEA, 29 U.S.C. § 621, et seq." (Exhibit 1 at ¶ 11).

### B. Supplemental Jurisdiction

8.      In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367(a) over Plaintiff's claims in Paragraphs 8 and 10.  *See* 28 U.S.C. §§1367, 1441(c).  In any civil action in which this Court has original jurisdiction, it also has supplemental jurisdiction under 28 U.S.C. §1367(a) over all state claims that are so related to the claims in the action within its original jurisdiction that they form part of the same controversy.  Here, Plaintiff's state law claims incorporate the same allegations in support of Plaintiff's ADEA claim and thus are based on the same facts, events, transactions, and occurrences as to form part of the same case and controversy.

### C. Diversity Jurisdiction

9.      This Court also has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332.  The action may be removed to this Court pursuant to 28 United States Code §§ 1441 and 1446, as this is an action between citizens of different states wherein the amount in controversy exceeds the amount of $75,000, exclusive of interest and costs.

10.      The Plaintiff is a resident of West Virginia.  See Exhibit 1 at ¶ 1.

11.      Defendant GM is a Delaware Limited Liability Company with its principal place of business in Michigan.  See Exhibit 1 at ¶ 2.

12.      Defendant GM Financial is a Delaware Corporation with its principal place of business in Texas.  See Exhibit 1 at ¶ 3.

13.      Thus, for diversity jurisdiction purposes, Defendant GM is a citizen of Delaware and Michigan, and Defendant GM Financial is a citizen of Delaware and Texas.  See *Cent. W.Va. Energy Co., Inc. v. Mountain State Carbon*, 636 F.3d 101, 102 (4th Cir. 2011) ("For

federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business.").

14.    The amount-in-controversy requirement has been satisfied in this case for removal purposes.

15.    Although Defendant denies that it is liable to Plaintiff for any amount of damages, the jurisdictional amount in controversy clearly exceeds $75,000.  At the time of his separation from employment, Plaintiff alleges that he was 63 years of age, employed full-time, and earning a base salary of $100,000 per year, plus commissions and bonuses, at the time of his termination on November 14, 2024, and alleged damages are accruing.  See *Exhibit 1* at ¶¶ 1, 6.  In his Complaint, Plaintiff specifies that he is seeking "lost wages [and] lost benefits[.]"  See Exhibit 1 at Pg. 2.  Further, Plaintiff seeks an award for compensatory damages for emotional distress.  See *id*.  Additionally, Plaintiff seeks an award of attorney's fees, prejudgment interest, post-judgment interest, and costs.  Because attorney's fees are available under the WVHRA, they too are considered as part of the amount-in-controversy assessment.  *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013).  Plaintiff has also made a demand for punitive damages, so these types of potential damages must be factored into the Court's consideration of the amount in controversy.  *See McCoy v. Erie Insurance Co., et al.*, 147 F. Supp. 2d 481, 489 (S.D.  W. Va. 2001) (stating that, to determine the amount in controversy, courts consider "the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate.").  Finally, if Plaintiff were to be awarded punitive damages in this matter, Plaintiff could be entitled to up to four times his compensatory damages or $500,000.00, whichever is greater.  See W. Va. Code § 55-7-29(c).

16.     All told, removal based on diversity is proper because the amount in controversy far exceeds the amount specified in 28 U.S.C. § 1332(a). *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547 (2014) (explaining that short and plain statement regarding amount in controversy is all that is required for removal). Based on the foregoing, a reasonable and fair reading of the Complaint demonstrates that the claimed damages at issue exceed $75,000.

**WHEREFORE**, the Defendants remove this action to this Court, and respectfully request that this Court accept jurisdiction of this action and that this action be henceforth placed on the docket of this Court for all further proceedings as though the same action had been originally commenced in this Court.

Dated: March 13, 2025                              Respectfully submitted,


                                                   */s/ Richard M. Wallace*
                                                   Richard M. Wallace (WVSB # 9980)
                                                   rwallace@littler.com
                                                   Adam K. Strider (WVSB # 12483)
                                                   astrider@littler.com
                                                   LITTLER MENDELSON, P.C.
                                                   Chase Tower
                                                   707 Virginia Street, E., Ste. 1010
                                                   Charleston, WV  25301
                                                   Telephone:  304.599.4600
                                                   Facsimile:  304.599.4650

                                                   *Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| **JOHN BATEMAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 2:25-cv-00163** |
| | : | |
| **GENERAL MOTORS, LLC and** | : | |
| **AMERICREDIT FINANCIAL** | : | |
| **SERVICES, INC. d/b/a** | : | |
| **GM FINANCIAL,** | : | |
| | | |
| **Defendants.** | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March 2025, the foregoing ***"Defendant's Notice of Removal"*** was electronically filed with the Clerk of the Court via CM/ECF which will provide electronic notification of such filing upon counsel of record addressed as follows:

> David K. Hendrickson, Esq.
> H. Jerome Sparks, Esq.
> Hendrickson & Long, PLLC
> 214 Capitol Street
> Charleston, WV  25311
> DaveH@handl.com
> jsparks@handl.com

> *Attorneys for Plaintiff*

> */s/ Richard M. Wallace*
> Richard M. Wallace (WVSB # 9980)