IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN BATEMAN,

Plaintiff,

v.                                            CIVIL ACTION NO.   2:25-cv-00163

GENERAL MOTORS, LLC, et al.,

Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff John Bateman's ("Plaintiff") Motion for Leave to Amend.  (ECF No. 30.)   For the reasons discussed herein, the motion is **DENIED**.[1]

## I.        BACKGROUND

This matter arises out of the termination of Plaintiff's employment with Defendants General Motors, LLC ("GM") and Americredit Financial Services, Inc. d/b/a GM Financial (collectively, "Defendants").  (*See* ECF No. 13.)   Allegedly, Plaintiff was a "top-performing" employee and "did not receive reprimands or written complaints" until he started "'being targeted' by members of Defendants' management team."   (*Id.* at 3, ¶¶ 12, 13, 16, 17.)   Ultimately, Plaintiff claims that, "[b]ecause of his age," he was "wrongfully terminated" and replaced "with a younger employee."   (*See id.* at 3–4, ¶¶ 18, 20.)

---

[1] Consequently, Plaintiff's Motion for a Status Conference "to address Plaintiff's outstanding motion to amend his complaint," (ECF No. 40), is **DENIED AS MOOT**.

1

Thus, Plaintiff filed suit against Defendants in the Circuit Court of Kanawha County, West Virginia.  (ECF No. 1-1.)   Defendants removed the case to this Court.  (ECF No. 1.)   After the Court ordered him to do so, (ECF No. 11), Plaintiff filed an Amended Complaint in accordance with the Federal Rules of Civil Procedure, (ECF No. 13).   The Amended Complaint asserts two causes of action against Defendants: (1) Violation of the West Virginia Human Rights Act, and (2) Wrongful Termination in Violation of Public Policy.   (*See id.*)

Now, Plaintiff seeks to amend his complaint again.  (ECF No. 30.)   Defendants filed a response, (ECF No. 32), and Plaintiff filed a reply, (ECF No. 33).   As such, this motion is fully briefed and ripe for adjudication.

## II.    *LEGAL STANDARD*

Under Rule 15(a) of the Federal Rules of Civil Procedure, unless a party is permitted to amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).   However, it "may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."  *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); *see Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (clarifying that "[a] district court's denial of leave to amend is appropriate" only under these three circumstances); *cf. Foman v. Davis*, 371 U.S. 178, 182, (1962) (explaining that motions to amend are to be granted in the absence of a "declared reason" "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., futility of amendment, etc.").

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]"  *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *Friend v. Remac Am., Inc.*, 924 F.Supp.2d 692, 696 (N.D. W. Va. 2013) ("A proposed amendment is futile 'if . . . [it] fails to satisfy the requirements of the federal rules,' such as Rule 12(b)(6)." (internal citations omitted)).

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint.   Fed. R. Civ. P. 12(b)(6).   A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007).   A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.   In applying this standard, a court must utilize a two-pronged approach.   First, it must separate the legal conclusions in the complaint from the factual allegations.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged."   *Id.*   Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).   A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible."   *Twombly*, 550 U.S. at 555, 570.

### III.    DISCUSSION

In the pending motion, Plaintiff seeks to amend his complaint to add a claim for fraud related to his application for unemployment compensation benefits.  (ECF No. 30.)   Apparently, after his termination, Plaintiff applied for unemployment compensation benefits, and Defendants challenged his application.  (ECF No. 31 at 5, ¶¶ 26, 27.)   In the process, Plaintiff claims that "Defendants submitted to Workforce West Virginia[2] incomplete and misleading personnel records."  (*Id.* at 6, ¶ 28; *see also id.* at 9, ¶¶ 53–56.)   "Relying upon the incomplete and altered documents produced by the Defendants, WorkForce West Virginia was misled," and Plaintiff was initially denied unemployment compensation benefits.  (*Id.* at 10, ¶ 57; *see also id.* at 6, ¶ 31 (claiming that "[d]ue to [Defendants'] challenge and based upon the incomplete and misleading documents Defendants provided," Plaintiff was initially denied unemployment compensation benefits); *but see id.* at 6–7, ¶¶ 32–37 (noting that Plaintiff's counsel filed an appeal, the decision was reversed, and Plaintiff was ultimately granted unemployment compensation benefits).)

Conversely, Defendants argue that Plaintiff's proposed amendment is futile because (1) his fraud claim "is in truth a disguised libel claim, which is statutorily non-actionable in the context of submissions to Workforce West Virginia," and (2) because his proposed Second Amended Complaint fails to plead fraud with particularity."  (ECF No. 32.)   Plaintiff disagrees with both of Defendants' arguments.  (*See* ECF No. 33.)   Ultimately, the Court need not resolve either issue because Plaintiff has failed to state a plausible claim for fraud.

The Supreme Court of Appeals of West Virginia ("WVSCA") has identified four essential elements of fraud: "(1) that the act claimed to be fraudulent was the act of the defendant or induced

---

[2] Plaintiff states that WorkForce West Virginia is "the agency which determines the eligibility of individuals who apply for unemployment benefits in West Virginia."  (ECF No. 31-1 at 6, ¶ 34.)

by him; (2) that it was material and false; [3] that plaintiff relied upon it and was justified under the circumstances in relying upon it; and [4] that he was damaged because he relied upon it." *Lengyel v. Lint*, 280 S.E.2d 66, 69 (W. Va. 1981) (internal citations omitted); *see also Jennings v. Farmers Mut. Ins. Co.*, 687 S.E.2d 574, 579 (W. Va. 2009) (citing *Lengyel*).   As the WVSCA has made clear, "[t]he *complaining party* must, generally, have relied upon the representations claimed to be false."   *Lengyel*, 280 S.E.2d at 69 (emphasis added); *Kidd v. Mull*, 595 S.E.2d 308, 317 (W. Va. 2004) ("[O]ne of the elements of a fraud claim is that the *plaintiff* relied upon the misrepresentation." (emphasis added)); *Legg v. Johnson, Simmerman & Broughton, L.C.*, 576 S.E.2d 532, 539 (W. Va. 2002) ("It is necessary that a *plaintiff* relies upon the statement and that *he* is damaged because of *his* reliance." (emphasis added)); *Jennings*, 687 S.E.2d at 579 (noting that, *inter alia*, "the plaintiff must [] show that the representations contributed to the formation of the conclusion in the *plaintiff's* mind" (emphasis added; internal quotations and citations omitted)).

Here, Plaintiff's proposed fraud claim does not allege that he relied upon a false statement. Rather, Plaintiff claims that WorkForce West Virginia—a third party—relied upon Defendants' alleged misrepresentations.   (ECF No. 31-1 at 9–10, ¶¶ 53, 57 ("Relying upon the incomplete and altered documents produced by the Defendants, WorkForce West Virginia was misled . . . ."); *see also* ECF No. 33 at 2–3 (stating that the "essence" of his claim is that "Defendants engaged in intentional misrepresentation by providing incomplete and altered employment records to Workforce West Virginia").   Thus, Plaintiff has not plausibly pleaded the third essential element of fraud, *Lengyel*, 280 S.E.2d at 69, and Plaintiff's proposed fraud claim would be futile, *Katyle*, 637 F.3d at 471.

Accordingly, Plaintiff's Second Motion for Leave to Amend, (ECF No. 30), is **DENIED**.

5

### IV.    CONLCUSION

For these reasons, Plaintiff's Motion for Leave to Amend, (ECF No. 30), is **DENIED**.

Further, Plaintiff's Motion for a Status Conference, (ECF No. 40), is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:      July 10, 2026

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

6